[908 NYS2d 365]

In the Matter of CARL T. WOODLY, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT,
Petitioner.

Second Department, October 5, 2010

APPEARANCES OF COUNSEL

*Robert A. Green*, Hauppauge (*Michele Filosa* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition containing two charges of professional misconduct. After a hearing the Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent has neither cross-moved nor submitted any papers in response.

Charge one alleges that the respondent engaged in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer in that he was convicted of a crime within the meaning of Judiciary Law § 90 (2), in violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]).

On or before December 19, 2008, the respondent pleaded guilty in the County Court, Suffolk County, to the crime of criminal possession of a weapon in the fourth degree, namely a handgun, in violation of Penal Law § 265.01, a class A misdemeanor. He was sentenced on December 19, 2008 to three years' probation. A $140 mandatory surcharge and a $20 crime victims' assistance fee were imposed.

Charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer in that he was convicted of a crime within the meaning of Judiciary Law § 90 (2), in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual specifications of charge one.

Based on the uncontroverted fact of the respondent's conviction, the Special Referee properly sustained both charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the Grievance Committee points out that the respon-

dent's disciplinary history consists of a letter of caution dated January 15, 1999, for failing to reregister with the Office of Court Administration, and a letter of caution dated October 22, 1999, for his carelessness with documents entrusted to him by a client and his failure to maintain required records of the criminal defense he claimed to have provided to the complainant. The respondent was also issued an admonition dated May 30, 2007, for engaging in an improper use of his escrow account, which he essentially used as an operating account. The Grievance Committee directed the respondent to ensure that his escrow account is used exclusively to safeguard client funds and to refrain from commingling any personal funds in that account. None of those matters involved misconduct similar to that involved in the instant case.

In view of his conviction of a class A misdemeanor, which was not deemed to constitute a serious crime within the meaning of 22 NYCRR 691.7 (b) or Judiciary Law § 90 (4) (d), the respondent is publicly censured.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and FISHER, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent is publicly censured for his professional misconduct.